IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



WEI-PING ZENG, §
 §
    Plaintiff, §
 §
v. § NO. EP-19-CV-99-KC
 §
TEXAS TECH UNIVERSITY HEALTH §
SCIENCES CENTER AT EL PASO, §
PETER ROTWEIN, RICHARD A. §
LANGE, BEVERLEY COURT, §
    Defendants. §

## MEMORANDUM OPINION AND ORDER

Before the Court is "Plaintiff's Motion to Compel Production of Documents Requested in the Plaintiff's 1st Set of Requests for Production of Documents and to Postpone Deadline to Join Additional Parties," (ECF No. 39), filed by Plaintiff Wei-ping Zeng. Defendants have filed a response in opposition. (ECF No. 42). Plaintiff filed a reply, (ECF No. 45), and subsequently filed an amended reply. (ECF No. 48).[1] Defendants were granted leave to, and thereafter did, file a sur-reply. (ECF Nos. 50 & 51). On August 7, 2019, the motion was referred to this Court for determination, pursuant to the District Court's Standing Order on Civil Cases, 28 U.S.C. § 636, and Local Rule CV-72. (ECF No. 46). For the reasons set forth below, the motion is **DENIED IN PART** and **DEFERRED IN PART**.

### I.    BACKGROUND

In this employment discrimination suit, Plaintiff claims that he was wrongfully terminated from his employment at Texas Tech University Health Science Center at El Paso ("TTUHSCEP").

---

[1] According to Plaintiff's Amended Reply, the document differs from the original in that it "contains a single amendment highlighted in yellow in page 3 of this document." (ECF No. 48, at 1) (emphasis in original).

1

(ECF No. 11, at 14). Plaintiff brought six counts variously against Defendants TTUHSCEP, Peter Rotwein, Richard A. Lange, and Beverley Court: (1) employment discrimination based on race and/or national origin; (2) abridging right to due process to deprivation of property interest; (3) abridging right to due process to deprivation of liberty interest; (4) defamation; (5) tortious interference with prospective employment; and (6) destruction of evidence to evade legal liability. *Id.* at 2–3, 14–19.

Defendants filed a motion to dismiss, (ECF No. 18), which the District Court granted in part and denied in part. (ECF No. 40). On July 29, 2019, the District Court dismissed all of the claims against Defendants except for "Plaintiff's Title VII [of the Civil Rights Act] claim, [Texas Commission on Human Rights Act] claim, and [42 U.S.C.] § 1981 claim against Defendants Rotwein and Lange in their individual capacities." *Id.* at 22. Plaintiff was also provided leave to amend his complaint to "allege additional facts that would give rise to a property or liberty due process claim, defamation, or tortious interference claim." *Id.* Plaintiff's deadline to file any such amendment is August 30, 2019, which is the deadline in the Court's Scheduling Order for the Plaintiff to amend his Complaint. *Id.* (citing ECF No. 25).

One day prior to the District Court's order on Defendants' motion to dismiss, Plaintiff filed the instant "Plaintiff's Motion to Compel Production of Documents Requested in the Plaintiff's 1st Set of Requests for Production of Documents and to Postpone Deadline to Join Additional Parties" (the "Motion"). (ECF No. 39). In the Motion, Plaintiff requests that the court issue an order for the Defendants to produce documents that it had twice requested from the Defendants. *Id.* at 1–6. Plaintiff also seeks a modification of the Scheduling Order to allow Plaintiff to move to join additional defendants until September 9, 2019, which is the date Plaintiff believes to be the deadline to file a motion to amend the Complaint. *Id.* at 7–8. Plaintiff states this is necessary

2

because Defendants have not responded to his request for information related to his spoliation claim in Count VI of his Amended Complaint. *Id.*

On August 2, 2019, Defendants filed a response stating that they served Plaintiff with "their First Amended Objections and Responses to the First Requests and corresponding supplemental production" on the same day as filing their response, claiming that Plaintiff had "narrowed his requests and clarified definitions for undefined terms" in his Motion. (ECF No. 42, at 1–2). They, thus, claim that they have "fully responded to Plaintiff's discovery requests in good faith." *Id.* at 2. Defendants oppose the extension of the deadline to join additional parties arguing that Plaintiff has received the requested information well in advance of the current deadline. *Id.* at 3.

In his amended reply, filed on August 8, 2019, Plaintiff claims that Defendants' supplemental responses were "insufficient and evasive" and continues to seek an order compelling production of the requested documents. (ECF No. 48). In their sur-reply, Defendants argue that the motion to extend the deadline to join additional parties should be denied because the information at issue in Plaintiff's Motion "does not speak to, and has no bearing on, Plaintiff's joinder of additional parties to this action." (ECF No. 50-1 at 2). Defendants also assert that they have "timely responded to, and produced relevant documents responsive to, Plaintiff's discovery requests as of August 8, 2019." *Id.* at 1.

## II.     LAW AND ANALYSIS

### A. MOTION TO COMPEL PRODUCTION OF DOCUMENTS

When a party fails to make a disclosure or fails to cooperate in discovery, a party may move for an order compelling such disclosure or discovery and must give notice to other parties and all affected persons. Fed. R. Civ. P. 37(a)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make

3

disclosure or discovery in an effort to obtain it without court action." *Id.* "[E]vasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Plaintiff has brought the instant Motion asserting that Defendants have not fully responded to his "1st Set of Requests for Production of Documents," served on May 29, 2019, nor to his request for supplemental responses on July 13, 2019. (ECF No. 39, at 1–2). He attached a certificate stating that he attempted to resolve this dispute with Defendants. *Id.* at 9. With Defendants' response, they indicated that on the same day as filing the response they provided supplemental answers to the discovery matters at issue in this Motion. (ECF No. 42, at 1). They also asserted that, in his Motion, Plaintiff "narrowed his requests and clarified definitions for undefined terms in response to objections asserted by Defendants." *Id.*

On August 8, 2019, Plaintiff filed an amended reply stating that he received supplemental responses as to some but not all requests, and that the responses to each request were still deficient. (ECF No. 48). On August 9, 2019, Defendants filed for leave to file a sur-reply in which they state that on August 7, 2019, they served Plaintiff with their "Second Amended Response, which addresses the issues raised by Plaintiff's Response and supplements Defendants' production with documents requested by Plaintiff." (ECF No. 50).

It appears to the Court that the parties are attempting to resolve this discovery dispute while simultaneously briefing the Court on the instant Motion. Furthermore, the Court is cognizant of the timing of the District Court's ruling on Defendants' Motion to Dismiss, in which it dismissed some of Plaintiff's claims. Because of the evolving nature of this discovery dispute and the dismissal of some of the claims in this suit, the Court is of the opinion that it is in the interest of judicial economy for the Court to refrain from ruling on the disputed issues until the parties have

had the opportunity to confer as to the status of the dispute. Therefore, the Court will order the parties to confer on these disputes within seven (7) days of the date of this order, to attempt to resolve these issues without Court order. Within seven (7) days thereafter, Plaintiff shall file a supplemental briefing, updating the Court as to what, if anything, remains in dispute and his position on the matter. Defendants will have seven (7) days thereafter to file their response. No further briefing will be accepted without leave of court.

B. MOTION TO EXTEND PLAINTIFF'S DEADLINE TO FILE MOTION TO JOIN ADDITIONAL PARTIES

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, a Scheduling Order "may be modified only for good cause and with the judge's consent." The party seeking an extension of a deadline is "required 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)).

Here, Plaintiff seeks an extension of the deadline to join additional parties to Count VI of his First Amended Complaint. (ECF No. 39, at 7). He states that he is "most concerned about joining additional defendants who directly made the decision of and/or actually carried out the destruction of evidence alleged in Count [VI] although additional defendants may also need to be joined in other counts of causes of action." *Id.* The remainder of Plaintiff's argument is devoted to his requests for production related to Count VI. *Id.* at 7–8.

Count VI, however, is Plaintiff's claim of spoliation, which the District Court dismissed without leave to amend the day after Plaintiff filed the instant Motion. (ECF No. 40, at 21–22). As Count VI has been dismissed, Plaintiff could not add additional defendants to Count VI.

5

Furthermore, Plaintiff does not provide any other explanation or argument as to why an extension of the deadline is needed as it relates to the claims that remain in this lawsuit. Therefore, Plaintiff has not demonstrated good cause to extend the deadline to join additional parties because he has not shown that he cannot reasonably meet the deadline despite his diligence. Accordingly, the Court denies Plaintiff's Motion to extend the deadline to join additional parties.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Production of Documents and to Postpone Deadline to Join Additional Parties (ECF No. 39) is **DEFERRED IN PART** and **DENIED IN PART**. The Motion is **DENIED** as to Plaintiff's request to extend the deadline to join additional parties. The Motion is **DEFERRED** as to Plaintiff's motion to compel production of documents until such time as the Court receives the supplemental briefing as set forth in the following paragraph.

**IT IS FURTHER ORDERED** that the parties shall confer on the discovery disputes at issue in the instant Motion within **seven (7) days** of the date of this order, to attempt to resolve these issues without Court order. Within **seven (7) days** thereafter, Plaintiff shall file a supplemental briefing, updating the Court as to what, if anything, remains in dispute and his position on the matter. Defendants shall have **seven (7) days** thereafter to file their response. No further briefing will be accepted without leave of court.

**SIGNED and ENTERED** this 15th day of August, 2019.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE