IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

WEI-PING ZENG, §
 §
　Plaintiff, §
 §
v. § NO. EP-19-CV-99-KC
 §
TEXAS TECH UNIVERSITY §
HEALTH SCIENCES CENTER §
AT EL PASO, ET AL., §
 §
　Defendants. §

## MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTIONS TO AMEND THE COURT'S ORDER (ECF NOS. 58 & 61) AND PARTIAL AMENDED ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL PRODUCTION (ECF NO. 39)

Pending before the Court are "Plaintiff's Motion to Amend the Court's Order Regarding Plaintiff's Motion to Compel Production of Documents Requested in the Plaintiff's 1st Set of Requests for [Production] of Documents" (hereinafter, "Motion to Amend the Court's Order" or "original motion"), (ECF No. 58), and a duplicate motion of the same title, filed by Plaintiff on the belief that he had filed the original motion under the wrong classification in the electronic case filing system. (ECF No. 61).[1] In these motions, Plaintiff requests that the Court reconsider its ruling denying as moot Plaintiff's motion to compel Defendants to produce documents in response to Request for Production Number 1 ("RFP 1"). (ECF Nos. 58 & 61). Defendants filed a response in opposition to the original motion. (ECF No. 62). For the reasons set forth below, the Court **GRANTS** Plaintiff's "Motion to Amend the Court's Order," (ECF No. 58), limited to RFP 1, and **AMENDS** its ruling as to RFP 1, **DENYING IN PART** and **GRANTING IN PART** Plaintiff's

---

[1] The only difference the Court has found between the two motions is an introductory paragraph in the second one, explaining why Plaintiff is filing "the same motion" under a different classification. See (ECF No. 61, at 1).

1

motion to compel production. The Court **DENIES AS MOOT** Plaintiff's duplicate motion (ECF No. 61).

## I. BACKGROUND

In this employment discrimination suit, Plaintiff claims, *inter alia*, that he was wrongfully terminated from his employment at Texas Tech University Health Sciences Center at El Paso ("TTUHSCEP"). (ECF No. 60, at 22–25). The history and evolving nature of this discovery dispute is detailed in this Court's order, dated August 23, 2019, wherein the Court granted in part and denied in part "Plaintiff's Motion to Compel Production of Documents Requested in the Plaintiff's 1st Set of Requests for Production of Documents and to Postpone Deadline to Join Additional Parties" (the "motion to compel production"). *See* (ECF No. 57, at 1–4). To summarize, noting that the parties appeared to be attempting to resolve the discovery disputes by amending the requests and providing supplemental responses while simultaneously briefing the Court as to their positions on the disputes, the Court ordered the parties to confer on the discovery disputes in an attempt to resolve them without court order and to then update the Court as to any disputes that remain and their respective positions on the matter. (ECF No. 53). The parties did so, each filing separately their positions as to each request for production (the "supplemental briefings"). (ECF Nos. 55 & 56). Thereafter, the Court ruled on the motion, in relevant part, denying RFP 1 as moot on the basis that the parties appeared to have resolved their dispute. (ECF No. 57, at 4–5, 10).

On August 24, 2019, Plaintiff filed the Motion to Amend the Court's Order, in which he claims that a comparison of the parties' respective positions on RFP 1, as presented in the supplemental briefings, demonstrates important discrepancies in the scope of the request that warrants the Court's reconsideration of its ruling based on the appearance that the parties had

resolved the dispute. (ECF No. 58). On August 30, 2019, Plaintiff filed the duplicate motion. (ECF No. 61).

## II. LAW & ANALYSIS

Although the Federal Rules of Civil Procedure do not provide a mechanism for pursuing a motion for reconsideration of a nondispositive pretrial order, Rule 54(b) provides the Court the authority to revise an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties prior to final judgment. Courts within the Fifth Circuit have considered such motions, applying the standard under Federal Rule of Civil Procedure 59(e), which applies to final judgments. *See Johnson v. Home Depot Prod. Auth., LLC*, EP-17-00067-FM, 2017 WL 8751923, at *1 (W.D. Tex. Dec. 7, 2017) (citing *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) (collecting cases)); *Magee v. BHP Billiton Petroleum Props. (N.A.), L.P.*, No. 15-2097, 2018 WL 6566548, at *1 (W.D. La. Jan. 9, 2018) (collecting cases).

Under the standard for a Rule 59(e) motion to alter or amend a judgment, the motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot raise issues that could, and should, have been made before the judgment issued." *United Nat'l Ins. Co. v. Mundell Terminal Servs., Inc.*, 740 F.3d 1022, 1031 (5th Cir. 2014) (quoting *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (internal quotation marks omitted). Black's Law Dictionary defines "manifest error" as "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Manifest Error*, Black's Law Dictionary (11th ed. 2019).

Plaintiff essentially argues that the Court erred in finding the parties were no longer in dispute as to RFP 1 and thereby denying as moot the motion to compel production as to RFP 1.

(ECF No. 58). Accordingly, his request for reconsideration is made on the basis of the existence of a manifest error of fact—that the parties were no longer in dispute over RFP 1.

As previously noted, the Court ordered the parties to confer and file supplemental briefing on the discovery disputes because of the evolving nature of the requests and supplemental responses throughout the briefing of Plaintiff's motion to compel production. (ECF No. 53). Specifically, the Court ordered that:

> the parties shall confer on the discovery disputes at issue in [Plaintiff's motion to compel production] . . . to attempt to resolve these issues without Court order. . . . [T]hereafter, *Plaintiff shall file a supplemental briefing, updating the Court as to what, if anything, remains in dispute and his position on the matter.* Defendants shall have seven (7) days thereafter to file their response.

*Id.* at 6 (emphasis added).

The discovery matter at issue is RFP 1, whereby Plaintiff requests:

> Records of the names, races, national origins of TTUHSCEP employees who violated University policies, descriptions of the violations, warnings, corrective actions including but not limited to termination that such employees received, from the time Dr. Richard Lange took office as the university president to January 2018.

*See* (ECF No. 39, at 2). In his motion to compel production, Plaintiff clarified that the requested time period begins on July 1, 2014, and "narrow[ed] his request to the 'non-exempt' employees to which [Plaintiff] belonged." *Id.* at 2–3. In his reply, Plaintiff further "clarified" that the "responsive files should be of 'non-exempt' employees, which should include not only research associates, assistants, post-doctoral research associates, but also any and all other employees who were not 'associates, assistants, post-doctoral research associates[,'] in the time frame from July 1, 2014[,] to January 31, 2018." (ECF No. 45, at 3). And then again, in his amended reply, he added to the prior clarification to include "in case there were research associates, assistants, post-doctoral

research associates whose employee status was 'exempt' employees, responsive documents of such individuals should also be produced." (ECF No. 48, at 3).

In their response (ECF No. 42), and sur-reply (ECF No. 52),[2] Defendants did not argue their objections to RFP 1.

In his supplemental briefing, Plaintiff provided the following update as to RFP 1:

> The defendants emphasized that they have already responded by agreeing to produce responsive documents of "non-exempt" employees, including not only research associates, assistants, post-doctoral research associates, but also any and all other employees who were not "associates, assistants, post-doctoral research associates", in the time frame from July 1, 2014 to January 31, 2018. The defendants also acknowledged and agreed to the clarification that "in case there were research associates, assistants, post-doctoral research associates whose employee status was "exempt" employees, responsive documents of such individuals should also be produced" as described in the plaintiff's amended reply. (ECF No. 48).
>
> The plaintiff pointed out that although the defendants had agreed to produce the requested documents, none has been actually produced. The defendants stated that IT technicians at TTUHSCEP have been searching for the responsive documents. The plaintiff suggested that the defendants should not have to wait until they discovered all the responsive documents before providing the plaintiff the responsive documents. The defendants agreed to provide the responsive documents periodically as they are being discovered until all responsive documents are produced.

(ECF No. 55, at 2–3). The Court notes that the requested production as described in Plaintiff's supplemental briefing comports with his definition of the requested production in his amended reply to his motion to compel production, which was his latest filing prior to the Court order

---

[2] Although Plaintiff did not seek leave to file an amended reply, Defendants' sur-reply cited Plaintiff's amended reply, (ECF No. 48), rather than the reply, (ECF No. 45). Whether or not the amended reply was properly filed does not bear on the outcome of the instant motion, nor did it bear on the outcome of the motion to compel. The Court does, however, note that it was filed in the record with the single amendment clearly notated and Defendants were aware of it and responded to it.

directing the parties to confer and to which Defendants' sur-reply responded. *See* (ECF No. 48, at 3; ECF No. 52).

Defendants filed their responsive supplemental briefing stating the following as to RFP 1 in a section titled "Discovery Issues Resolved":

> With respect to [RFP 1], Defendants are actively searching for and will produce any responsive documents relating to research associates, assistants, post-doctoral research associates, positions comparable to the research associate position held by Plaintiff (the "Comparator Employees") from July 1, 2014 to 2016. There are no documents relating to employees who were found in violation of university policies but did not receive corrective actions, nor were there any documents relating to Comparator Employees from 2017 to 2018. Accordingly, Defendants are in the process of locating additional responsive documents to supplement their production and no outstanding issues remain that require the Court's involvement.

(ECF No. 56, at 2). In a subsequent section of Defendants' supplemental briefing, they describe their summary of the parties' conference as it relates to RFPs 1–3, stating:

> Defendants' counsel referred Plaintiff to Defendants' Second Amended Responses to Plaintiff's First Requests for Production (the "Second Amended Responses") for [RFPs] 1, 2, and 3. Defendants' counsel did represent to Plaintiff that professionals at Texas Tech Health Sciences Center in El Paso ("TTUHSCEP"), including IT professionals, are currently searching for documents responsive to Plaintiff's requests. Defendants' counsel also agreed to produce responsive documents to Plaintiff as soon as such documents are obtained from TTUHSCEP. Defendants' counsel did not make any representations to Plaintiff other than those that are stated in the Second Amended Responses.

*Id.* at 6–7. Referencing back to the prior "Discovery Issues Resolved" section of Defendants' supplemental briefing, Defendants' Second Amended Response to RFP 1 is as follows:

> Per Plaintiff's narrowing and clarification of this request in his Reply to Defendants' Response to the Plaintiff's Motion to Compel Production of Documents Requested in Plaintiff's 1st Set of Requests for Production of Documents [ECF No. 45] (the "Response"), Defendants will search for and produce any responsive documents relating to research associates, assistants,

6

> post-doctoral research associates, positions comparable to the research associate position held by Plaintiff, from July 1, 2014 to 2016. TTUHSCEP previously searched for responsive records for said comparator employees for 2017 and 2018 and did not locate any responsive documents. Further, there are no documents relating to employees who were found in violation of university policies but did not receive corrective actions.

*Id.* at 2.

Although Defendants had the opportunity to correct any representations made by Plaintiff in his court-ordered supplemental briefing, they chose not to. Nor did Defendants provide the Court with any briefing as to their objections to RFP 1, not in their response to the motion to compel production, not in their sur-reply to the motion, and not in their supplemental briefing as set forth above. Based on the representations made by both parties, whether explicitly or implicitly, that the dispute had been resolved, the circuitous briefing by Defendants, and the evolving parameters of RFP 1, the Court finds that at the time of its decision it was not manifestly erroneous to find that the parties had resolved their dispute as to RFP 1. The Court notes particularly that Plaintiff was the party responsible, pursuant to the Court's order, to update the Court as to the status of the discovery dispute based on the parties' conference. His supplemental briefing stated that Defendants had agreed to produce responsive documents to RFP 1 as he had defined it in his amended reply to his motion to compel production. *See* (ECF No. 55, at 2–3). Defendants did not dispute this representation and in fact addressed RFP 1 in their section titled "Discovery Issues Resolved." *See* (ECF No. 56, at 1–2).

However, Plaintiff represents in the instant original motion that he "found that there are extremely important discrepancies" after "comparing" the parties' supplemental briefing. (ECF No. 58, at 2). Indeed, Plaintiff filed the original motion for reconsideration three days after Defendants filed their court-ordered supplemental briefing for the motion to compel production,

one day after the Court's ruling on that motion. (ECF No. 58). Likewise, Defendants' response is essentially arguing the merits of the motion to compel production as to RFP 1. The Court considers Defendants' response to the instant motion as new evidence that the discovery dispute is not, in fact, resolved. Accordingly, the Court will **GRANT** Plaintiff's motion for reconsideration of its ruling as to RFP 1.

From this posture, the matter can be resolved simply. In his motion to compel production and through the court-ordered briefing, Plaintiff has sought production of:

> Records of the names, races, national origins, of TTUHSCEP employees (narrowed to "'non-exempt' employees, including not only research associates, assistants, post-doctoral research associates, but also any and all other employees who were not 'associates, assistants, post-doctoral research associates" and 'exempt' research associates, assistants, post-doctoral research associates") who violated University policies, descriptions of the violations, warnings, corrective actions including but not limited to termination that such employees received from the time Dr. Richard Lange took office as the university president to January 2018 (further defined as July 1, 2014 to January 31, 2018).

It is the burden of the "party resisting discovery '[to] show specifically how . . . each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive.'" *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 991–92 (3d Cir. 1982)).

In their briefings to the Court, Defendants did not object to, or argue the merits of limiting, this request for production.[3] Only in their response to the instant motion do Defendants provide

---

[3] The Court notes, however, that Defendants' "First Amended Objections and Responses to Plaintiff's First Set of Requests for Production" were attached to their response to the motion to compel production. (ECF No. 42-1). However, Defendants made a general citation to this document in the body of their response to say that "[t]he Amended Response addresses the issues raised by Plaintiff's Motion and supplements Defendants' production with documents requested by Plaintiff. Accordingly, Defendants have fully responded to Plaintiff's discovery requests in good faith." (ECF No. 42, at 2). This does not suffice as "a concise statement of the reasons for opposition to the motion" on the basis of Defendants' arguments raised in their response to the instant motion, as required by Local Court Rule CV-7(e). Nor does it contain citations to any legal authority on which Defendants rely.

any substantive arguments on the merits. However, Defendants do not get a fourth bite at the apple to persuade the Court when they had three prior opportunities to do so. The instant motion is one for reconsideration; it is not another briefing opportunity for the motion to compel production. Defendants have not met their burden, and, therefore, the Court will **AMEND** its ruling as to RFP 1. The motion to compel production as to RFP 1 will be **GRANTED IN PART** limited to the parameters as set forth in the immediately preceding paragraph and **DENIED IN PART** as to any TTUHSCEP employees outside of that scope.

As a final comment, the Court notes the reliance of both parties on the recent Fifth Circuit opinion in *Wallace v. Seton Family of Hospitals*. No. 18-50448, 2019 WL 2484692 (5th Cir. June 13, 2019). In this unpublished opinion, the Fifth Circuit provided that "[f]or a comparator to be deemed similarly situated, the employees being compared should 'h[o]ld the same job or responsibilities, share[ ] the same supervisor or ha[ve] their employment status determined by the same person and have essentially comparable violation histories." *Id.* at *4 (quoting *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)). A determination of who is a proper comparator is a possible element of Plaintiff's prima facie case and has not yet been determined in this case. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). As noted in *Wallace*, whether an employee is similarly situated such that a comparison is appropriate "generally presents a question of fact for the jury." *Id.* at *5 (citing *Perez v. Tex. Dep't of Crim. Justice, Institutional Div.*, 395 F.3d 206, 214–15 (5th Cir. 2004); *George v. Leavitt*, 407 F.3d 405, 414 (D.C. Cir. 2005) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000))).

Furthermore, pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure:

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance

of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

In their response to the instant motion, Defendants do not explain how they concluded which employees held the same job *or responsibilities*. *See* (ECF No. 62, at 3). Moreover, while they claim that Dr. Wu was Plaintiff's supervisor, they do not name the person who "determined" Plaintiff's employment status, instead claiming that Dr. Rotwein *recommended* Plaintiff's termination. *Id.* Further, while Defendants claim that finding responsive documents would be unduly burdensome, they provided figures and calculations for a period of time that is two and a half years longer than the period referenced in RFP 1. *Id.* at 5. Finally, Defendants neither provide nor cite any evidence supporting any of these contentions. Accordingly, were the Court to have considered Defendants' newly-raised arguments, it likely would not have been persuaded.

Finally, Plaintiff's duplicate motion does not seek anything beyond the original "Motion to Amend the Court's Order." *See* (ECF No. 61). Accordingly, the Court will **DENY AS MOOT** the duplicate motion.

### III. CONCLUSION

**IT IS ORDERED** that Plaintiff's "Motion to Amend the Court's Order" (ECF No. 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's prior order denying as moot Plaintiff's motion to compel production of documents (ECF No. 57) for RFP 1 is **AMENDED** as follows. The motion is **GRANTED IN PART** and **DENIED IN PART** as to Plaintiff's motion to compel production related to RFP 1. It is **GRANTED** to the extent of the narrowed scope set forth on page

eight (8) of this Order and **DENIED** beyond that scope. No further amendment to the prior order is made.

**IT IS FURTHER ORDERED** that Plaintiff's duplicate "Motion to Amend Court's Order" (ECF No. 61) is **DENIED AS MOOT**.

**SIGNED and ENTERED** this 12th day of September, 2019.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE